UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OLEGARIO NAJERA HERNANDEZ,

        Petitioner,

v.                                                                 Case No: 5:16-cv-452-Oc-36PRL

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER**

Petitioner Olegario Najera Hernandez ("Petitioner" or "Hernandez") initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 5, 2016 (Doc. 1). The United States filed a response to the § 2255 motion on September 16, 2016 (Doc. 4). Although provided an opportunity to do so, Hernandez filed no reply. After due consideration, the Court finds that Hernandez' § 2255 motion should be dismissed as time-barred, or alternatively, denied on the merits.

Because each of the claims raised in the § 2255 motion is either time-barred, procedurally barred, contrary to law, or affirmatively contradicted by the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

**Background**[1]

On August, 2011, a grand jury indicted Hernandez on one count of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Cr. 1). Hernandez pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. s § 841(a)(1), 841(b)(1)(A), and 846 (Cr. 42). He was sentenced under the United States Sentencing Guidelines ("USSG") to 135 months in prison. He did not appeal. On February 9, 2016, this Court granted Hernandez' unopposed 18 U.S.C. § 3582 motion, and his sentence was reduced to 120 months (Cr. 112).

Subsequently, Hernandez filed this 28 U.S.C. § 2255 motion in which he asserts that he should be resentenced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 1).

**Analysis**

**a.     Hernandez' 28 U.S.C. § 2255 motion is time-barred**

Generally, a § 2255 motion must be filed within one-year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Hernandez' conviction became final on March 23, 2012, fourteen days after judgment was entered and the time to file a notice of direct appeal expired. *See* Fed. R. Civ. P. 4(b)(1)(A)(i); *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not file a direct appeal, conviction becomes final when time to do so expires). Petitioner did not file the instant § 2255 motion until July 5, 2016, more than three years too late.

---

[1] Docket entries in Hernandez' underlying criminal case, 5:11-cr-25-CEH-PRL, are cited as (Cr. __).

Hernandez suggests that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) triggered the start of a new one-year limitations period under 28 U.S.C. § 2255(f)(3).[2] In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and deprived defendants of due process. 135 S. Ct. at 2557. However, Hernandez was sentenced under the United States Sentencing Guidelines, not the ACCA. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court determined that the Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. Thus, Hernandez cannot utilize *Johnson* to circumvent the one-year statute of limitations. Moreover, even if *Johnson* could cure the untimeliness of this § 2255 motion, Hernandez would have had to file the motion within one year of June 26, 2015, the date of the *Johnson* decision. Hernandez did not file his § 2255 motion until July 5, 2016; accordingly, even if *Johnson* applied to Hernandez' claim, his motion is time-barred.

Nor is Hernandez entitled to equitable tolling. Equitable tolling is available only when a petitioner establishes both extraordinary circumstances that prevented timely filing and due diligence. *Diaz v. Sec'y, Fla. Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Holland v. Florida*, 560 U.S. 631 (2010) (recognizing that a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filed). Hernandez has presented no viable

---

[2] Section 2255(f)(3) provides a limitations starting date as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

argument to excuse his failure to timely pursue a § 2255 motion to vacate, and his challenges to his federal sentence are, therefore, time-barred.

      **b.**     *Johnson* **does not apply to Hernandez' sentence**

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" 135 S. Ct. at 2563. The ACCA provides enhanced penalties for defendants who are: (1) convicted of being felons in possession of firearms, in violation of 18 U.S.C. § 922(g); and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). In *Johnson*, the Supreme Court found the "residual clause" so vague as to violate due process. *Johnson,* 135 S. Ct. at 2557.

The "crime of violence" definition contained within the Sentencing Guidelines' career offender enhancement provision is virtually identical to the residual clause language the Supreme Court found unconstitutional in *Johnson*. U.S.S.G. § 4B1.2(a)(2). Despite this similarity, the Supreme Court held in *Beckles* that *Johnson* does not apply to the residual clause of the Sentencing Guidelines. Specifically, the Court held that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles*, 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles*, 137 S. Ct. at 894. The Supreme Court further distinguished the Sentencing Guidelines from the ACCA because the ACCA <u>requires</u> sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum

4

of 15 years, whereas the Sentencing Guidelines are only advisory. *Id.* at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under *Johnson* because the Guidelines "merely guide the district courts' discretion[.]" *Id.* at 894. Under this reasoning, *Beckles* forecloses any argument that Hernandez was improperly sentenced as a career offender under the Sentencing Guidelines, and his claim is denied on the merits.

Any of Hernandez' allegations not specifically addressed herein have been found to be either time-barred or without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Hernandez' motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred, or alternatively, **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Hernandez has not made the requisite showing in these circumstances.

Because Hernandez is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2017.

Charlene Edwards Honeywell
United States District Judge

SA: OrlP-4
Copies to: Olegario Najera Hernandez
Counsel of Record